UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SYLVINA JEAN CLAVIEN,

                          **Plaintiff,**

- against -

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being
unknown to Plaintiff,

                         **Defendants.**
-----------------------------------------------------------------x

Civ. Action No.:

NOTICE OF REMOVAL
OF ACTION FROM
NEW YORK COUNTY

TO:    JUDGES OF THE UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK

The Petition of GREYHOUND LINES, INC. ("GREYHOUND") respectfully shows:

1.    On or about March 18, 2008, an action was commenced against the petitioner in the Supreme Court of the State of New York, County of New York which is entitled SYLVINA JEAN CLAVIEN, Plaintiff, against GREYHOUND LINES, INC., and "JOHN DOE", that name being fictitious, his true name being unknown to Plaintiff, Defendants, Index No. 103961/08, by the filing upon the Supreme Court, New York County of a Summons and Verified Complaint, copies of which are annexed hereto as Exhibit "A". The plaintiff served GREYHOUND LINES, INC. by serving the New York Secretary of State on March 28, 2008, who forwarded the Summons and Complaint to the CT Corporation, who in turn forwarded the Summons and Complaint to Defendant GREYHOUND LINES, INC. on April 4, 2008. No further proceedings have been had therein.

2.    The above described action, bearing Supreme Court, New York County, Index No. 103961/08 is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. 1332, and is one which may be removed to this Court by petitioner, pursuant to 28 U.S.C.

383445.1

1441, in that it is a civil action and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost and is between citizens of different states.

3. Upon information and belief, plaintiff Sylvina Jean Clavien, is a Canadian citizen residing in Canada. Defendant GREYHOUND, at the time this action was commenced, was and still is, a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Dallas, Texas.

4. According to the plaintiff's Complaint, in this personal injury action, plaintiff seeks recovery of compensatory damages "for severe, serious and permanent injuries" and further alleges that she "has been required to spend large sums of money for medical and surgical treatment, care and nursing". The Complaint further alleges that Ms. Clavien "has been informed that her injuries are permanent and that she will be required to incur large sums of money for further medical and surgical care and treatment". The Complaint alleges damages which exceeds the jurisdictional limits of the lower courts.

5. This action may properly be removed to the United States District Court pursuant to title 28 U.S.C. §1441 et seq., because the said Court has original jurisdiction over it. The defendant is not a citizen of the State in which the action was brought and this Notice is being filed within 30 days after receipt by defendant GREYHOUND, of the Summons and Verified Complaint. This Petition was made timely in that the Summons and Verified Complaint were received by the defendant, on or about April 10, 2008.

6. Written notice of the filing of this Petition will be given to the adverse parties as required by law.

7. A true copy of this Petition will be filed with the Clerk of the Supreme Court of the State of New York, County of New York as provided by law.

8. A trial by jury is requested.

9. It should be pointed out that counsel for the plaintiff, Mr. Neil Moldovan, was contacted on Friday, April 11, 2008 and Monday April 14, 2008 to ascertain if he would consent to the removal of this action. However, Mr. Moldovan was not in his office. A telephone message was left for him. It was indicated that he was starting a two week vacation.

10. It should also be pointed out that there is related consolidated litigation, entitled <u>Anderson, et al. v. Greyhound Lines, Inc., et ano. v. Motor Coach Industries, Inc. v. UGL Unicco</u>, that is pending in this Court, Civil Action No. 06 CV 13371, and that is assigned to the Honorable Peter K. Leisure.

11. The plaintiff in the present action being removed, as well the plaintiffs in the related action, were passengers in a bus which was involved in a motor vehicle accident. Due to the fact that both actions involve the same alleged accident, it is respectfully requested that the present action be assigned to the Honorable Peter K. Leisure.

WHEREFORE, defendant GREYHOUND LINES, INC. respectfully prays that this action be duly removed to this Court and this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, New York
April 14, 2008

Yours, etc.,

FABIANI COHEN & HALL, LLP

_____
KEVIN B. POLLAK (KBP 6098)
Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

TO: Neil Moldovan, Esq.
Attorney for Plaintiff
SYLVINA JEAN CLAVIEN
One Old Country Road - Suite 270
Carle Place, New York 11514
(516) 294-3300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
SYLVINA JEAN CLAVIEN,

                Plaintiff,

-against-

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being unknown to
Plaintiff,

                Defendants.
-------------------------------------------------------------X

INDEX # 103961/08
Plaintiff designates
NEW YORK
County as Place of Trial

The basis of the venue is
Defendant's Residence

**SUMMONS**
Defendant Greyhound Lines
111 Eighth Avenue
New York, NY 10011

TO THE DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
        March 14, 2008

                              LAW OFFICES OF NEIL MOLDOVAN, P.C.
                              Attorney for Plaintiffs

                              By: NEIL MOLDOVAN
                              One Old Country Road – Suite 270
                              Carle Place, New York 11514
                              (516) 294-3300

**Defendant's Address:**
Greyhound Lines, Inc.
C/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

NEW YORK
COUNTY CLERK'S OFFICE

MAR 18 2008
NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,            INDEX NO.: 103961/08

               Plaintiffs,                          VERIFIED COMPLAINT

      -against-

GREYHOUND LINES, INC., and "JOHN DOE", that name being
fictitious, his true name being unknown to Plaintiff,

               Defendants.
--------------------------------------------------------------x

      Plaintiffs by their attorney, LAW OFFICES OF NEIL MOLDOVAN, P.C., complaining of the defendant herein alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SYLVINA JEAN CLAVIEN

1. That at all times hereinafter mentioned the defendant GREYHOUND LINES, INC. was and still is a foreign Delaware corporation licensed to do business in the State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the defendant, GREYHOUND LINES, INC. owned the bus (hereinafter "BUS") en route from New York City to Montreal, Canada when said bus was involved in an accident in or around Westport, New York.

3. That on or about August 28, 2006, defendant, GREYHOUND LINES, INC. owned the aforesaid bus.

4. That on or about August 28, 2006, defendant, GREYHOUND LINES, INC, operated aforesaid bus.

5. That on or about August 28, 2006, defendant, GREYHOUND LINES, INC., maintained aforesaid bus.

6. That on or about August 28, 2006, defendant, GREYHOUND LINES, INC, managed the aforesaid bus.

7. That on or about August 28, 2006, defendant, GREYHOUND LINES, INC, controlled the aforesaid bus.

8. Upon information and belief that, at all times hereinafter mentioned, on the 28th day of August, 2006, defendant, "JOHN DOE", that name being fictitious, his true name is unknown to plaintiff, operated said bus with the permissive use of its owner, Defendant, GREYHOUND LINES, INC.

9. That on the 28th day of August, 2006, Defendant, "JOHN DOE", that name being fictitious, his true name is unknown to plaintiff, with permissive use, carelessly and negligently operated the aforementioned bus, causing Plaintiff to sustain serious and permanent injuries, without the Plaintiff contributing thereto in any way whatsoever.

10. That at all times herein mentioned, Plaintiff, SYLVINA JEAN CLAVIEN, was lawfully a passenger in the bus operated by Defendant, "JOHN DOE", with permissive use of its owner, Defendant, GREYHOUND LINE, INC.

11. That on or about August 28, 2006, while plaintiff, SYLVINA JEAN CLAVIEN was traveling on a bus en route to Montreal, Canada sustained injuries as a result of a hazardous and dangerous condition of an improperly driven bus.

12. That said hazardous and dangerous condition of the bus was caused, created and permitted to exist solely as a result of the negligence of the defendants, their agents, servants and/or employees.

13. That said accident and resulting injuries and damages caused to the plaintiff, SYLVINA JEAN CLAVIEN, were caused solely by reason of the negligence of the defendants and

without any negligence on the part of the plaintiff contributing thereto.

14. That said occurrence was due to the negligence, recklessness, and carelessness of GREYHOUND LINES, INC. and "JOHN DOE", their agents, servants and/or employees in the ownership, maintenance, control and repair of said bus; in failing to warn of the dangers then and there existing; in causing, permitting and allowing said bus to become and remain unsafe for use; in creating a nuisance and a trap, when Defendant knew or should have known that an incident such as the instant one would or could occur.

15. That as a result of the negligence of the defendants as aforesaid, the plaintiff, SYLVINA JEAN CLAVIEN, became sick, sore, lame and disabled and sustained severe, serious and permanent injuries about her body; that the plaintiff has been required to spend large sums of money for medical and surgical treatment, care and nursing and has been informed that her injuries are permanent and that she will be required to incur large sums of money for further medical and surgical care and treatment, all to the plaintiff's damage.

WHEREFORE, plaintiff demands judgment in her favor against the defendants in sums which exceeds the jurisdictional limits of the lower courts, together with the costs and disbursements of these action and such other and further relief as this court may deem just and proper.

Dated: Carle Place, New York
       March 14, 2008

                                        Yours, etc.,
                                        LAW OFFICES OF NEIL MOLDOVAN

                                        By: Neil Moldovan, Esq.
                                        Attorney for Plaintiff
                                        One Old Country Road - Suite 270
                                        Carle Place, NY 11514
                                        (516) 294-3300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------x
SYLVINA JEAN CLAVIEN,                                    INDEX NO.:

                           Plaintiff,                     VERIFICATION

                   -against-

GREYHOUND LINE, INC., and "JOHN DOE",
that name being fictitious, his true name is unknown to Plaintiff,

                         Defendants.
---------------------------------------------------------x
STATE OF NEW YORK    )
                     : SS.:
COUNTY OF NASSAU     )

    I, the undersigned, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, does affirm:

    That I am the attorney of record, for plaintiff, SYLVINA JEAN CLAVIEN, in the within matter, and make this affirmation in accordance with CPLR 3020. I have read the within Verified Complaint and know the content thereof to be true to your affirmant's own knowledge, with the exception of those matter herein stated to be alleged upon information and belief, and as to those matters your affirmant believe them to be true. The grounds upon which your affirmant bases his belief regarding those matters not stated upon your affirmant's knowledge are: Review of file and conversations with plaintiff.

    This verification is made by your affirmant and not by plaintiff for the following reason: Plaintiff resides outside the county where deponent maintains his office.

Dated: Carle Place, New York
       March 14, 2008

                                                             NEIL MOLDOVAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 103961/08

SYLVINA JEAN CLAVIEN,

                           Plaintiff,

-against-

GREYHOUND LINES INC, and "JOHN DOE",
that name being fictitious, his true name is unknown to plaintiff.

                           Defendants.

## SUMMONS AND VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Law Offices of
**Neil Moldovan, P.C.**
Attorney(s) for Plaintiff
By: _____
Print Signer's Name: Neil Moldovan
Office and Post Office Address, Telephone
ONE OLD COUNTRY ROAD, SUITE 270
CARLE PLACE, NEW YORK 11514
Tel. 516-294-3300 • Fax 516-294-4019

Dated: _____, 200_

To

Service of a copy of the within
is hereby admitted.

Dated: ................. 20..........

Attorney(s) for

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on     20

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on     20   at   .M.
Dated.

of which the within is a true copy
one of the judges of the

                        Yours, etc.
                       Law Offices of
                Neil Moldovan, P.C.

Sylvina Jean Clavien v. Greyhound Lines, Inc. and "John Doe"
Civil Action No.: _____
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **NOTICE OF REMOVAL OF ACTION FROM NEW YORK COUNTY** was served via First-Class Mail, postage prepaid, this 14th day of April, 2008, to:

**Neil Moldovan, Esq.
Attorney for Plaintiff
SYLVINA JEAN CLAVIEN
One Old Country Road - Suite 270
Carle Place, New York 11514
(516) 294-3300**

_____
Kevin B. Pollak (6098)

Sworn to before me this
14th day of April, 2008.

_____
NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20 11

383501.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SYLVINA JEAN CLAVIEN,

                Civ. Action No.:

        Plaintiff,

  - against -

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being
unknown to Plaintiff,

        Defendants.
------------------------------------------------------------x

### NOTICE OF REMOVAL OF ACTION FROM NEW YORK COUNTY

**FABIANI COHEN & HALL, LLP**
Attorneys for Defendant
**GREYHOUND LINES, INC.**
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To: Attorney(s) for:
Sir(s):

    PLEASE TAKE NOTICE that a                     of which the within is a
(true) (certified) copy

    [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2008

    [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
    *one of the judges of the within named court at the Courthouse at* on  ,  2008 at
o'clock

Dated:

                Yours, etc.,
        FABIANI COHEN & HALL, LLP
        570 Lexington Avenue, 4th Floor
        New York, New York 10022
              (212) 644-4420

To:

Attorney(s) for: