UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                        Plaintiffs,

-against-

GREYHOUND LINES, INC., and "JOHN DOE", that name
being fictitious, his true name being unknown to Plaintiff,

                        Defendants.
-----------------------------------------------------------------X

Civil Action No.
08 CIV 3566 (PKL)

ANSWER

JURY TRIAL
DEMANDED

Defendant, GREYHOUND LINES, INC. ("GREYHOUND"), by its attorneys, FABIANI COHEN & HALL, LLP, as and for an Answer to the plaintiffs' Complaint, sets forth, upon information and belief, the following:

### ANSWERING THE FIRST CAUSE OF ACTION ASSERTED ON BEHALF OF PLAINTIFF SYLVINA JEAN CLAVIEN

FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' complaint, except admits that defendant GREYHOUND LINES, INC. was and still is a Delaware corporation authorized to do business in the State of New York.

SECOND: Denies the allegations contained in Paragraph No. "2" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

THIRD: Denies each and every allegation contained in Paragraph No. "3" of the plaintiffs' complaint.

383645.1

FOURTH: Denies the allegations contained in Paragraph No. "4" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "5" of the plaintiff's complaint.

SIXTH: Denies the allegations contained in Paragraph No. "6" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

SEVENTH: Denies the allegations contained in Paragraph No. "7" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiffs' complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, an employee of Greyhound, Ronald Burgess, was operating the bus that was involved in the accident at issue in this litigation during the course of his employment by, and with the permission of, GREYHOUND.

NINTH: Denies each and every allegation contained in Paragraph No. "9" of the plaintiffs' complaint.

383645.1

TENTH: Denies the allegations contained in Paragraph No. "10" of the plaintiffs' complaint, except admits that plaintiff, SYLVINA JEAN CLAVIEN, was a passenger in the bus that was being operated by Ronald Burgess with the permission of GREYHOUND.

ELEVENTH: Denies each and every allegation contained in Paragraph No. "11" of the plaintiffs' complaint.

TWELFTH: Denies each and every allegation contained in Paragraph No. "12" of the plaintiffs' complaint.

THIRTEENTH: Denies each and every allegation contained in Paragraph No. "13" of the plaintiffs' complaint.

FOURTEENTH: Denies each and every allegation contained in Paragraph No. "14" of the plaintiffs' complaint.

FIFTEENTH: Denies each and every allegation contained in Paragraph No. "15" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTEENTH: Upon information and belief, any damages sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of the GREYHOUND, its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against GREYHOUND.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTEENTH: Notwithstanding that GREYHOUND has denied liability herein, in the event that liability is found, the liability of GREYHOUND shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., or any other

383645.1

similar applicable law, the liability of GREYHOUND for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTEENTH: That to the extent plaintiffs recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545 or any similar applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINETEENTH: Upon information and belief, the injuries sustained by plaintiffs are such that they do not constitute a "serious injury", do not meet the no-fault threshold requirements and do not fall within the requirements of Insurance Law §51-02, et seq. or other similar applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTIETH: The plaintiffs' complaint regarding both named plaintiffs fails to state a claim upon which relief can be granted as against defendant GREYHOUND LINES, INC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: Some of the claims and/or theories of liability made by the plaintiffs are preempted and prohibited. To the extent the plaintiffs' complaint is based upon these preempted theories of liability, or any other pre-empted theory of liability, the plaintiffs' complaint fails to state a claim for which relief can be granted.

383645.1

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: The law of one or more jurisdictions, states and/or other countries, besides the State of New York, may be applicable to all or portions of the claims or defenses made by some or all of the various parties in this litigation, including but not necessarily limited to the law of the state of citizenship, residence or domicile of the plaintiffs.

**WHEREFORE**, defendant, GREYHOUND LINES, INC., demands:

1. Judgment dismissing the Complaint;

2. Together with the costs and disbursements of this action.

**Dated:** New York, New York
April 17, 2008

Yours, etc.,

FABIANI COHEN & HALL, LLP

_____
Kevin B. Pollak (KBP 6098)
**Attorneys for Defendant
GREYHOUND LINES, INC.**
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

TO: **LAW OFFICES OF NEIL MOLDOVAN
Attorney for Plaintiffs**
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS
One Old Country Road – Suite 270
Carle Place, New York 11514
(516) 294-3300

5

383645.1

Sylvina Jean Clavien v. Greyhound Lines, Inc. and "John Doe"
Civil Action No.: 08 CIV 3566 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing **ANSWER** was served via CM/ECF and First-Class Mail, postage prepaid, this 17th day of April, 2008, to:

**Neil Moldovan, Esq.**
**Attorney for Plaintiffs**
**SYLVINA JEAN CLAVIEN and RAPHAEL DANIS**
**One Old Country Road - Suite 270**
**Carle Place, New York  11514**
**(516) 294-3300**

                                                  Kevin B. Pollak (6098)

Sworn to before me this
17th day of April, 2008.

_____
NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20__

383799.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                                   Plaintiffs,                  08 CIV 3566 (PKL)

     - against -

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being
unknown to Plaintiff,

                                Defendants.
----------------------------------------------------------------x

## ANSWER

**FABIANI COHEN & HALL, LLP**
Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To: Attorney(s) for:
Sir(s):

    PLEASE TAKE NOTICE that a                       of which the within is a
(true) (certified) copy

    [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2008

    [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on , 2008 at
o'clock

Dated:

                      Yours, etc.,
            FABIANI COHEN & HALL, LLP
          570 Lexington Avenue, 4th Floor
            New York, New York 10022
                (212) 644-4420

To:

Attorney(s) for: