UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                                                    Plaintiffs,

                        v.

GREYHOUND LINES, INC., and "JOHN DOE", that
name being fictitious, his true name being unknown to
Plaintiff,

                                                    Defendants.

------------------------------------------------------------------X

GREYHOUND LINES, INC.,

                                    Third-Party Plaintiff,

                        v.

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

                                    Third-Party Defendants.

------------------------------------------------------------------X

**THIRD-PARTY
COMPLAINT**

**08 CIV 3566 (PKL)**

**[Related to
06 CIV 13371 (PKL)]**

**JURY TRIAL
DEMANDED**

RECEIVED
APR 23 2008
U.S.D.C. S.D. N.Y.
CASHIERS

SIRS:

Defendant/Third-Party Plaintiff, **GREYHOUND LINES, INC.,** by its attorneys

**FABIANI COHEN & HALL, LLP** as and for its Third-Party Complaint, respectfully alleges

upon information and belief as follows:

    1.    At all times hereinafter mentioned the defendant/third-party plaintiff, Greyhound

Lines, Inc. ("GLI"), was and is a foreign corporation, existing under and by virtue of the laws of

the State of Delaware, with its principle place of business in Dallas, Texas and is authorized to

do business in the State of New York.

    2.    At all times hereinafter mentioned the third-party defendant, Motor Coach

Industries, Inc. ("MCI"), was and is a foreign corporation, existing under and by virtue of the laws of the State of Delaware, with its principle place of business in Schaumburg, Illinois.

3.     At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation authorized to do business in the State of New York.

4.     At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

5.     At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its:  transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

6.     The third-party defendant, UGL UNICCO (hereinafter "UNICCO"), was formerly known as UNICCO Service Company.

7.     UNICCO changed its name from UNICCO Service Company to UGL UNICCO on or about November 19, 2007.

8.     At all times hereinafter mentioned the third-party defendant, UNICCO, was and is

a foreign corporation, existing under and by virtue of the laws of the State of Massachusetts, with its principle place of business at 275 Grove Street, Auburndale, MA 02466.

9.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation authorized to do business in the State of New York.

10.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

11.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its:  transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

12.    At all times hereinafter mentioned the third-party defendant, The Goodyear Tire & Rubber Company ("GOODYEAR"), was and is a foreign corporation, existing under and by virtue of the laws of the State of Ohio, with its principle place of business in Akron, Ohio.

13.    At all times hereinafter mentioned the third-party defendant, GOODYEAR, was and is a foreign corporation authorized to do business in the State of New York.

14.     At all times hereinafter mentioned the third-party defendant, GOODYEAR, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

15.     At all times hereinafter mentioned the third-party defendant, GOODYEAR, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its:  transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

16.     That heretofore the plaintiff commenced the above entitled action in the Supreme Court of the State of New York, New York County, which was then removed to the Southern District of New York, asserting the liability of GLI for damages allegedly sustained by the plaintiff.  A copy of the Plaintiff's Complaint is annexed hereto as "Exhibit A".

17.     The plaintiff generally alleges that on August 28, 2006 a bus (hereinafter referred to as "the subject bus") driven by Ronald Burgess (referred to as "John Doe" in the plaintiff's Complaint), an employee of GLI, left the roadway near Westport, New York and was involved in an accident (hereinafter "the subject accident").  The plaintiff further generally alleges that as a result of the subject accident she has been damaged.

18.     The plaintiff generally alleges that the subject accident was due to, among other things, the negligence of GLI in connection with the maintenance of the subject bus.

19.     The subject bus and all of the parts and components of the subject bus (hereinafter collectively referred to as "the subject bus"), bore VIN #1M8PDMRA6YP052551.

20.     The subject bus was a 2000 MCI Model 102 DL3 bus/coach.

21.     MCI designed the subject bus.

22.     MCI constructed, assembled and manufactured the subject bus.

23.     MCI sold the subject bus.

24.     At the time of the August 28, 2006 accident involving the subject bus on I-87 in Elizabethtown, New York, the subject bus was in the same condition it was in at the time the subject bus left MCI's possession.

25.     The tires on the subject bus at the time of the subject accident (sometimes hereinafter referred to as "the subject tires") were leased tires having been leased by GLI from GOODYEAR.

26.     At the time of the subject accident the subject bus was equipped model G409 Goodyear tires (hereinafter referred to as "G409 tires"), including the left front steer tire on the subject bus (hereinafter "the left front tire").

27.     At the time of the subject accident, and at all times prior thereto, GOODYEAR owned the G409 tires including the left front tire.

28.     GLI leased the G409 tires, including the left front tire, from GOODYEAR.

29.     GOODYEAR designed the G409 tires, including the left front tire.

30.     GOODYEAR constructed, assembled, fabricated and manufactured the G409 tires, including the left front tire.

384000.1

5

31.    Before August 28, 2006 GLI and third-party defendant, GOODYEAR, entered into an Agreement dated October 3, 2000 (hereinafter referred to as "the Agreement"). GLI begs leave to refer to the agreement for its complete terms and conditions.

32.    Paragraph 2 of the Agreement, entitled "Lease of Tires," provides in part that "Goodyear will furnish Greyhound tires for use on the entire fleet of buses operated by Greyhound…" and that "Goodyear commits to produce a new tire that will meet Greyhound's fleet requirements…"

33.    Paragraph 6 of the Agreement, entitled "Title to Tires and Liens on Buses", provides in part that "[t]itle to all tires furnished hereunder shall remain at all times in Goodyear…"

34.    Paragraph 11 of the Agreement, entitled "Service", provides in part: "(a) Goodyear warrants and promises that all tires provided to Greyhound will be of sufficient grade, quality, and standard to permit reasonable and safe use and operation on Greyhound's buses."

35.    Paragraph 11 (c) of the Agreement provides in part that "tire service to be performed by Goodyear will be performed in accordance with Exhibit "C" attached" to the Agreement.

36.    The Agreement contains various Exhibits, including Exhibit "C". Exhibit "C" is entitled Procedure Guideline No.:  PB K-91 (hereinafter referred to as "the K-91").  (The Agreement, including all Exhibits of the Agreement, are hereinafter collectively referred to as "the Agreement".)

37.    Paragraph 12 of the Agreement, entitled "Training", provides in part that "Goodyear agrees to provide training, to include but not limited to the proper safety, reliability, and maintenance procedures for the tires".

38.    Paragraph 9 of the Agreement, entitled "Contingencies and Indemnity", provides in part that: "Goodyear agrees to defends, save and hold Greyhound harmless from claims and actions resulting from the use or possession of the tires furnished hereunder caused by the sole negligence of Goodyear"; and "Goodyear will indemnify, save harmless, and defend Greyhound…from and against liability, losses, claims, demands, suits, and judgments, and from costs and expenses, including the reasonable fees of counsel therewith, arising or as a result of the negligence of Goodyear or its agents or employees".

39.    Before the subject accident GOODYEAR entered into an agreement with Ogden Cisco, Inc. (hereinafter referred to as "Ogden"), dated August 30, 1995 pursuant to which, among other things, Ogden agreed to service and maintain tires that GOODYEAR leased to bus companies for use on their buses.  GLI begs leave to refer to the August 30, 1995 agreement for its complete terms and conditions.

40.    On or about September 11, 1996, pursuant to an Assignment Agreement, Ogden Cisco, Inc. assigned the above-mentioned August 30, 1995 agreement and all obligations of Ogden Cisco, Inc. under the above-mentioned August 30, 1995 agreement to UNICCO Service Company.  GLI begs leave to refer to the Assignment Agreement for its complete terms and conditions.

41.    The above-mentioned agreement between GOODYEAR and UNICCO was in full force and effect on August 28, 2006, at the time of the subject accident, and prior thereto.

42.    Pursuant to the August 30, 1995 agreement referred to above and assigned to UNICCO Service Company on September 11, 1996 (hereinafter referred to as "the tire maintenance agreement"), UNICCO agreed to, among other things, service and maintain Goodyear tires that were leased by GLI and used on GLI buses including the subject tires.

43.    GLI is an intended third-party beneficiary of the tire maintenance agreement and is referred to as "Operator" in the tire maintenance agreement.

44.    Pursuant to the tire maintenance agreement UNICCO was, among other things, responsible for performing various services with respect to the subject tires.

45.    Pursuant to paragraph 12 of the tire maintenance agreement UNICCO was required to provide various services with respect to the subject tires, including but not limited to, mounting and maintaining recommended inflation pressure.

46.    Pursuant to paragraph 12 of the tire maintenance agreement UNICCO was required to ensure that the pressure of the subject tires was kept and maintained at the correct, proper and appropriate level.

47.    Prior to the subject accident the subject tires, which were on the subject bus at the time of the subject accident, were at garage locations where UNICCO employees were present and required to and/or did provide or perform various service(s) in connection with the subject tires.

48.    Pursuant to paragraph 13 of the tire maintenance agreement UNICCO was required to provide "responsible" and "capable" personnel to perform the work, labor and services UNICCO was required to perform pursuant to the tire maintenance agreement.

49.    Pursuant to paragraph 5 of the tire maintenance agreement, UNICCO agreed to "fully indemnify and hold harmless...Operator [Greyhound Lines, Inc.]...from any and all claims, demands, causes of action, damages, losses, and expenses of whatsoever nature...arising out of or related to the breach or failure to perform the contract services, the use by the Contractor [UNICCO] employees of service equipment supplied by Goodyear, or resulting from any negligent act, omission, misconduct, or fault of Contractor [UNICCO], their employees

and/or agents."

50.    GLI has previously made demand upon UNICCO that it, among other things, indemnify GLI for all liability, losses, damages, judgments and expenses including attorneys' fees arising out of or relating to the subject accident and the above-captioned action.

51.    UNICCO has refused to indemnify GLI.

52.    GLI has generally denied the plaintiff's allegations against it and its liability to the plaintiff, but notwithstanding such denials is exposed to damage by reason of a possible verdict or judgment. A copy of GLI's Answer to the Plaintiff's Complaint is annexed hereto as Exhibit "B".

53.    By reason of the exposure to damage, this impleader is made against the third-party defendant, MCI, by reason of, among other things, MCI's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of warranties and/or strict products liability in connection with, among other things, the design, construction, assembly, fabrication, manufacturer and/or sale of the subject bus.

54.    By reason of the exposure to damage, this impleader is made against the third-party defendant, UNICCO, by reason of, among other things, UNICCO's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of the tire maintenance agreement, and/or UNICCO's refusal to indemnify GLI.

55.    By reason of exposure to damage this cause of action is made against third-party defendant, GOODYEAR, by reason of, among other things, GOODYEAR's:  wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacture, service, maintenance and/or repair of the G409 tires including the left front tire);

breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and/or those created by operation of law); and/or strict products liability.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI
### (INDEMNITY)

56.    Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

57.    That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should said defendant/third-party plaintiff be found to be liable to the plaintiff, then such liability shall derive from the active and affirmative wrongdoing of third-party defendant, MCI, while any wrongdoing of defendant/third-party plaintiff will have been passive and secondary only, by reason of which the defendant/third-party plaintiff, GLI, shall be entitled to complete indemnity, common law and/or contractual, from the third-party defendant, MCI.

58.    That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to full and complete indemnity from the third-party defendant, MCI, in the above-captioned action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI
### (CONTRIBUTION)

59.    Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

60.    That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if defendant/third-party plaintiff is found to be liable to the plaintiff, and if complete indemnity is not granted in furtherance of the First Cause of Action hereinabove, then defendant/third-party plaintiff, GLI, is, nevertheless,

entitled to contribution from third-party defendant, MCI, in proportion to the relative degrees of wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant, MCI, on the other part.

61.    That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST THIRD-PARTY DEFENDANT, MCI**
**(PROPERTY DAMAGE/ECONOMIC LOSS)**

62.    Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

63.    Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

64.    The Master Lease was in effect at the time of the subject accident.

65.    After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

66.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

67.    After and since the subject accident, and due to the subject accident, GLI has paid and will continue to pay no-fault benefits.

68.    As a result of all of the foregoing, GLI has been damaged and continues to be

damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

69.     GLI's damages and losses as described above are due to, among other things, MCI's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of warranties and/or strict products liability in connection with, among other things, the design, construction, assembly, fabrication, manufacturer and/or sale of the subject bus.

70.     The amount in controversy pertaining to the damages and loss suffered by GLI exceeds $75,000 exclusive of interest.

71.     Defendant/third-party plaintiff GLI has been damaged, and continues to be damaged, by third-party defendant, MCI's conduct and is entitled to damages in an amount in excess of $75,000. GLI is entitled to recover all of the damages and losses described above from MCI. GLI is also entitled to interest since the date of the subject accident.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, UNICCO
### (INDEMNITY)

72.     Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

73.     That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should said defendant/third-party plaintiff be found to be liable to the plaintiff, then such liability shall derive from the active and affirmative wrongdoing of the third-party defendant, UNICCO, while any wrongdoing of defendant/third-party plaintiff will have been passive and secondary only, by reason of which the defendant/third-party plaintiff, GLI, shall be entitled to partial and/or complete indemnity,

common law and/or contractual, including attorneys' fees and litigation expenses, from the third-party defendant, UNICCO.

74.     That, by reason thereof, third-party plaintiff, GLI, is entitled to partial and/or full and complete indemnity from the third-party defendant, UNICCO, in the above-captioned action, including attorneys' fees and litigation expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, UNICCO
## (CONTRIBUTION)

75.     Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

76.     That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if defendant/third-party plaintiff is found to be liable to the plaintiff, and/or if partial and/or complete indemnity is not granted in furtherance of the Fourth Cause of Action hereinabove, then defendant/third-party plaintiff, GLI, is, nevertheless, entitled to contribution from third-party defendant, UNICCO, in proportion to the relative degrees of wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant on the other part.

77.     That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, UNICCO
## (PROPERTY DAMAGE/ECONOMIC LOSS)

78.     Defendant/third-party plaintiff, GLI repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "55" above.

79.     Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

80.     The Master Lease was in effect at the time of the subject accident.

81.     After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

82.     Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

83.     After and since the subject accident, and due to the subject accident, GLI has paid and will continue to pay no-fault benefits.

84.     As a result of all of the foregoing, GLI has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

85.     GLI's damages and losses as described above are due to, among other things, UNICCO's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract and/or breach of the tire maintenance agreement.

86.     The amount in controversy pertaining to the damages and loss suffered by GLI exceeds $75,000 exclusive of interest.

87.     Defendant/third-party plaintiff, GLI has been damaged, and continues to be damaged, by third-party defendant, UNICCO's conduct and is entitled to damages in an amount in excess of $75,000. GLI is entitled to recover all of the damages and losses described above

from UNICCO.  GLI is also entitled to interest since the date of the subject accident.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
## (COMMON LAW INDEMNIFICATION)

88.     Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation set forth above in paragraphs "1" through "55" as though fully set forth at length herein.

89.     That although defendant/third-party plaintiff, GLI, has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant/third-party plaintiff be found liable to the plaintiff, such liability will have been the result of the active and affirmative wrongdoing of third-party defendant, GOODYEAR, while the wrongdoing of GLI will have been passive and secondary.

90.     By reason of all of the foregoing, defendant/third-party plaintiff, GLI, is entitled to full indemnity from third-party defendant, GOODYEAR.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
## (CONTRIBUTION)

91.     Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation set forth above in paragraphs "1" through "55" as though fully set forth at length herein.

92.     That although defendant/third-party plaintiff, GLI, denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should said defendant/third-party plaintiff be found liable to the plaintiff and should said defendant/third-party plaintiff not be awarded full indemnity on the seventh cause of action of this Third-Party Complaint, then defendant/third-party plaintiff, GLI, is entitled to an apportionment of fault against third-party

384000.1

defendant, GOODYEAR, in proportion to the relative degrees of fault or wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant, GOODYEAR, on the other part.

93.    By reason of the foregoing, defendant/third-party plaintiff, GLI, is entitled to contribution and/or partial indemnity from the third-party defendant, GOODYEAR, in accordance with the relative degrees of fault or wrongdoing of the parties.

### AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
### (CONTRACTUAL INDEMNIFICATION)

94.    Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation above set forth in paragraphs "1" through "55" as though fully set forth at length herein.

95.    That pursuant to the Agreement made by and between defendant/third-party plaintiff, GLI, on the one part, and third-party defendant, GOODYEAR, on the other part, third-party defendant, GOODYEAR undertook to indemnify, fully or partially, defendant/third-party plaintiff, GLI, for loss, claims and/or damage arising out of or in connection with the aforesaid Agreement.

96.    By reason of all of the above and the Agreement, defendant/third-party plaintiff, GLI, is entitled to either complete indemnification or partial indemnity by contract from third-party defendant, GOODYEAR, for any verdict, judgment or settlement reached in this action against GLI, together with costs, expenses, disbursements and attorneys' fees.

## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, GOODYEAR
## (PROPERTY DAMAGE/ECONOMIC LOSS)

97.    Defendant/third-party plaintiff, GLI, repeats and realleges each and every allegation above set forth in paragraphs "1" through "55" as though fully set forth at length herein.

98.    Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

99.    The Master Lease was in effect at the time of the subject accident.

100.    After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

101.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

102.    After and since the subject accident, and due to the subject accident, GLI has paid and/or will continue to pay no-fault benefits.

103.    As a result of all of the foregoing, GLI has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

104.    GLI's damages and losses as described above are due to, among other things, GOODYEAR's: wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design,

384000.1

17

construction, assembly, fabrication, manufacturer, service, maintenance and/or repair of the subject tires, the G409 tires, including the left front tire; breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and those created by operation of law); and/or strict products liability.

105.    The amount in controversy pertaining to the damages and losses suffered by GLI exceeds $75,000 exclusive of interest.

106.    Defendant/third-party plaintiff, GLI, has been damaged and continues to be damaged by third-party defendant, GOODYEAR's conduct and is entitled to damages in an amount in excess of $75,000.  GLI is entitled to recover all of the damages and losses described above from GOODYEAR.  GLI is also entitled to interest since the date of the subject accident.

**WHEREFORE**, the defendant/third-party plaintiff, GREYHOUND LINES, INC. demands judgment against third-party defendants, MOTOR COACH INDUSTRIES, INC., UGL UNICCO, Formerly Known As UNICCO Service Company and THE GOODYEAR TIRE & RUBBER COMPANY, as follows:

1.    For indemnity on the First Cause of Action;

2.    For contribution on the Second Cause of Action;

3.    For damages in excess of the $75,000 jurisdictional limit of this Court on the Third Cause of Action, plus interest.

4.    For indemnity on the Fourth Cause of Action;

5.    For contribution on the Fifth Cause of Action;

6.    For damages in excess of the $75,000 jurisdictional limit of this Court on the Sixth Cause of Action, plus interest;

7.    For indemnity on the Seventh Cause of Action;

8.    For contribution on the Eighth Cause of Action;

9.    For contractual indemnity of the Ninth Cause of Action;

10.    For damages in excess of the $75,000 jurisdictional limit of this Court on the

Tenth Cause of Action, plus interest.

Together with costs, disbursements, fees and expenses, and such damages as are

allowable under the law, inclusive of counsel fees.

**Dated:**        **New York, New York**
             **April 23, 2008**

                              **Yours, etc.,**

                              **FABIANI COHEN & HALL, LLP**


                              **Kevin B. Pollak (KBP 6098)**
                              **Attorneys for Defendant/**
                              **  Third-Party Plaintiff**
                              **GREYHOUND LINES, INC.**
                              **570 Lexington Avenue, 4th Floor**
                              **New York, New York  10022**
                              **(212) 644-4420**


**TO:**    **MOTOR COACH INDUSTRIES, INC.**
        **1700 East Golf Road**
        **Schaumburg, Illinois  60173**
        **(866) 624-2622**

        **UGL UNICCO**
        **275 Grove Street**
        **Auburndale, Massachusetts  02466**

        **GOODYEAR TIRE & RUBBER COMPANY**
        **1144 East Market Street**
        **Akron, Ohio  44316**

384000.1

# EXHIBIT A

04-11-08;10:48AM;                                                    #  8/ 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

SYLVINA JEAN CLAVIEN,

                                        Plaintiff,

                    -against-

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being unknown to
Plaintiff,

                                        Defendants.
------------------------------------------------------------X

INDEX # 103961/08

Plaintiff designates
NEW YORK
County as Place of Trial

The basis of the venue is
Defendant's Residence

**SUMMONS**
Defendant Greyhound Lines
111 Eighth Avenue
New York, NY 10011

TO THE DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer or, if the complaint is not served with summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of this summons,
exclusive of the date of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Carle Place, New York
       March 14, 2008

                                LAW OFFICES OF NEIL MOLDOVAN, P.C.
                                Attorney for Plaintiffs


                                By: NEIL MOLDOVAN
                                One Old Country Road - Suite 270
                                Carle Place, New York 11514
                                (516) 294-3300

Defendant's Address:
Greyhound Lines, Inc.
C/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

                                NEW YORK
                                COUNTY CLERK'S OFFICE

                                MAR 18 2008
                                NOT COMPARED
                                WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

INDEX NO.: 103961/08

Plaintiffs,

VERIFIED COMPLAINT

--against-

GREYHOUND LINES, INC., and "JOHN DOE", that name being
fictitious, his true name being unknown to Plaintiff,

Defendants.

-------------------------------------------------------------X

Plaintiffs by their attorney, LAW OFFICES OF NEIL MOLDOVAN, P.C., complaining

of the defendant herein alleges the following upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SYLVINA JEAN CLAVIEN

1.      That at all times hereinafter mentioned the defendant GREYHOUND LINES, INC.

was and still is a foreign Delaware corporation licensed to do business in the State of New York.

2.      That at all times hereinafter mentioned, upon information and belief, the defendant,

GREYHOUND LINES, INC. owned the bus (hereinafter "BUS") en route from New York City to

Montreal, Canada when said bus was involved in an accident in or around Westport, New York.

3.      That on or about August 28, 2006, defendant, GREYHOUND LINES, INC. owned

the aforesaid bus.

4.      That on or about August 28, 2006, defendant, GREYHOUND LINES, INC, operated

aforesaid bus.

5.      That on or about August 28, 2006, defendant, GREYHOUND LINES, INC.,

maintained aforesaid bus.

6.    That on or about August 28, 2006, defendant, GREYHOUND LINES, INC, managed the aforesaid bus.

7.    That on or about August 28, 2006, defendant, GREYHOUND LINES, INC, controlled the aforesaid bus.

8.    Upon information and belief that, at all times hereinafter mentioned, on the 28th day of August, 2006, defendant, "JOHN DOE", that name being fictitious, his true name is unknown to plaintiff, operated said bus with the permissive use of its owner, Defendant, GREYHOUND LINES, INC.

9.    That on the 28th day of August, 2006, Defendant, "JOHN DOE", that name being fictitious, his true name is unknown to plaintiff, with permissive use, carelessly and negligently operated the aforementioned bus, causing Plaintiff to sustain serious and permanent injuries, without the Plaintiff contributing thereto in any way whatsoever.

10.   That at all times herein mentioned, Plaintiff, SYLVINA JEAN CLAVIEN, was lawfully a passenger in the bus operated by Defendant, "JOHN DOE", with permissive use of its owner, Defendant, GREYHOUND LINE, INC.

11.   That on or about August 28, 2006, while plaintiff, SYLVINA JEAN CLAVIEN was traveling on a bus en route to Montreal, Canada sustained injuries as a result of a hazardous and dangerous condition of an improperly driven bus.

12.   That said hazardous and dangerous condition of the bus was caused, created and permitted to exist solely as a result of the negligence of the defendants, their agents, servants and/or employees.

13.   That said accident and resulting injuries and damages caused to the plaintiff, SYLVINA JEAN CLAVIEN, were caused solely by reason of the negligence of the defendants and

without any negligence on the part of the plaintiff contributing thereto.

14.    That said occurrence was due to the negligence, recklessness, and carelessness of GREYHOUND LINES, INC. and "JOHN DOE", their agents, servants and/or employees in the ownership, maintenance, control and repair of said bus; in failing to warn of the dangers then and there existing; in causing, permitting and allowing said bus to become and remain unsafe for use; in creating a nuisance and a trap, when Defendant knew or should have known that an incident such as the instant one would or could occur.

15.    That as a result of the negligence of the defendants as aforesaid, the plaintiff, SYLVINA JEAN CLAVIEN, became sick, sore, lame and disabled and sustained severe, serious and permanent injuries about her body; that the plaintiff has been required to spend large sums of money for medical and surgical treatment, care and nursing and has been informed that her injuries are permanent and that she will be required to incur large sums of money for further medical and surgical care and treatment, all to the plaintiff's damage.

WHEREFORE, plaintiff demands judgment in her favor against the defendants in sums which exceeds the jurisdictional limits of the lower courts, together with the costs and disbursements of these action and such other and further relief as this court may deem just and proper.

Dated: Carle Place, New York
        March 14, 2008

                                    Yours, etc.,
                                    LAW OFFICES OF NEIL MOLDOVAN


                                    By: Neil Moldovan, Esq.
                                    Attorney for Plaintiff
                                    One Old Country Road - Suite 270
                                    Carle Place, NY 11514
                                    (516) 294-3300

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                                    **Plaintiffs,**

        -against-

GREYHOUND LINES, INC., and "JOHN DOE", that name
being fictitious, his true name being unknown to Plaintiff,

                                **Defendants.**
------------------------------------------------------------------X

Civil Action No.
08 CIV 3566 (PKL)

ANSWER

JURY TRIAL
DEMANDED

       Defendant, GREYHOUND LINES, INC. ("GREYHOUND"), by its attorneys, FABIANI

COHEN & HALL, LLP, as and for an Answer to the plaintiffs' Complaint, sets forth, upon

information and belief, the following:

**ANSWERING THE FIRST CAUSE OF ACTION
ASSERTED ON BEHALF OF PLAINTIFF SYLVINA JEAN CLAVIEN**

       FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. "1" of the plaintiffs' complaint, except admits that

defendant GREYHOUND LINES, INC. was and still is a Delaware corporation authorized to do

business in the State of New York.

       SECOND:  Denies the allegations contained in Paragraph No. "2" of the plaintiffs'

complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number

R7HW58, which contained passengers and which was being driven by Ronald Burgess on

Interstate I-87 near Elizabethtown, New York, was involved in an accident.

       THIRD:  Denies each and every allegation contained in Paragraph No. "3" of the

plaintiffs' complaint.

FOURTH:  Denies the allegations contained in Paragraph No. "4" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

FIFTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "5" of the plaintiff's complaint.

SIXTH:  Denies the allegations contained in Paragraph No. "6" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

SEVENTH:  Denies the allegations contained in Paragraph No. "7" of the plaintiffs' complaint, except admits that on August 28, 2006, a bus, bearing Texas registration number R7HW58, which contained passengers and which was being driven by Ronald Burgess on Interstate I-87 near Elizabethtown, New York, was involved in an accident.

EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiffs' complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, an employee of Greyhound, Ronald Burgess, was operating the bus that was involved in the accident at issue in this litigation during the course of his employment by, and with the permission of, GREYHOUND.

NINTH:  Denies each and every allegation contained in Paragraph No. "9" of the plaintiffs' complaint.

2

TENTH:  Denies the allegations contained in Paragraph No. "10" of the plaintiffs' complaint, except admits that plaintiff, SYLVINA JEAN CLAVIEN, was a passenger in the bus that was being operated by Ronald Burgess with the permission of GREYHOUND.

ELEVENTH:  Denies each and every allegation contained in Paragraph No. "11" of the plaintiffs' complaint.

TWELFTH:  Denies each and every allegation contained in Paragraph No. "12" of the plaintiffs' complaint.

THIRTEENTH:  Denies each and every allegation contained in Paragraph No. "13" of the plaintiffs' complaint.

FOURTEENTH:  Denies each and every allegation contained in Paragraph No. "14" of the plaintiffs' complaint.

FIFTEENTH:  Denies each and every allegation contained in Paragraph No. "15" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTEENTH:  Upon information and belief, any damages sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of the GREYHOUND, its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against GREYHOUND.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTEENTH:  Notwithstanding that GREYHOUND has denied liability herein, in the event that liability is found, the liability of GREYHOUND shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., or any other

3

similar applicable law, the liability of GREYHOUND for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTEENTH:  That to the extent plaintiffs recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545 or any similar applicable law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINETEENTH:  Upon information and belief, the injuries sustained by plaintiffs are such that they do not constitute a "serious injury", do not meet the no-fault threshold requirements and do not fall within the requirements of Insurance Law §51-02, et seq. or other similar applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTIETH:  The plaintiffs' complaint regarding both named plaintiffs fails to state a claim upon which relief can be granted as against defendant GREYHOUND LINES, INC.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:  Some of the claims and/or theories of liability made by the plaintiffs are preempted and prohibited.  To the extent the plaintiffs' complaint is based upon these preempted theories of liability, or any other pre-empted theory of liability, the plaintiffs' complaint fails to state a claim for which relief can be granted.

4

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  The law of one or more jurisdictions, states and/or other countries, besides the State of New York, may be applicable to all or portions of the claims or defenses made by some or all of the various parties in this litigation, including but not necessarily limited to the law of the state of citizenship, residence or domicile of the plaintiffs.

**WHEREFORE**, defendant, GREYHOUND LINES, INC., demands:

1.  Judgment dismissing the Complaint;

2.  Together with the costs and disbursements of this action.

Dated:     **New York, New York**
           **April 17, 2008**

Yours, etc.,

**FABIANI COHEN & HALL, LLP**

**Kevin B. Pollak (KBP 6098)**
**Attorneys for Defendant**
**GREYHOUND LINES, INC.**
**570 Lexington Avenue, 4th Floor**
**New York, New York  10022**
**(212) 644-4420**

TO:   **LAW OFFICES OF NEIL MOLDOVAN**
      **Attorney for Plaintiffs**
      **SYLVINA JEAN CLAVIEN and RAPHAEL DANIS**
      **One Old Country Road – Suite 270**
      **Carle Place, New York  11514**
      **(516) 294-3300**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                         **Plaintiffs,**                08 CIV 3566 (PKL)

      - against -

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being
unknown to Plaintiff,

                         **Defendants.**
------------------------------------------------------------------x

## ANSWER

**FABIANI COHEN & HALL, LLP**
**Attorneys for Defendant**
**GREYHOUND LINES, INC.**
570 Lexington Avenue, 4th Floor
New York, New York  10022
(212) 644-4420

To:  Attorney(s) for:
Sir(s):

     PLEASE TAKE NOTICE that a            of which the within is a
(true) (certified) copy

     [ ]NOTICE OF ENTRY *was duly entered in the within named court on*
2008

     [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
*one of the judges of the within named court at the Courthouse at* on  ,   2008 at
o'clock

Dated:

                           Yours, etc.,
                  FABIANI COHEN & HALL, LLP
                570 Lexington Avenue, 4th Floor
                  New York, New York  10022
                    (212) 644-4420

To:

Attorney(s) for:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                                        Plaintiffs,                    08 CIV 3566 (PKL)

            - against -

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being
unknown to Plaintiff,

                                        Defendants.
------------------------------------------------------------------x
GREYHOUND LINES, INC.,

                                Third-Party Plaintiff,

            - against -

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

                                Third-Party Defendants.
------------------------------------------------------------------x


## THIRD-PARTY COMPLAINT


FABIANI COHEN & HALL, LLP
Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420


To:  Attorney(s) for:
Sir(s):

          PLEASE TAKE NOTICE that a                    of which the within is a (true) (certified)
copy

          [ ]NOTICE OF ENTRY *was duly entered in the within named court on*            2008

          [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
          *one of the judges of the within named court at the Courthouse at* on  ,   2008 at        o'clock

Dated:

                            Yours, etc.,
                    FABIANI COHEN & HALL, LLP
                    570 Lexington Avenue, 4th Floor
                    New York, New York 10022
                    (212) 644-4420