Alan D. Kaplan, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

                 Plaintiffs,

         v.

GREYHOUND LINES, INC., and "JOHN DOE", that name being fictitious, his true name being unknown to Plaintiff,

                 Defendants.

08 CIV. 3566 (PKL)
ECF CASE
Related to:
06 CIV 13371 (PKL)

Jury Trial Demanded

**GOODYEAR'S ANSWER TO THIRD-PARTY COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

GREYHOUND LINES, INC.,

                 Third-Party Plaintiff,

         v.

MOTOR COACH INDUSTRIES, INC., UGL UNICCO, Formerly known as UNICCO Service Company and THE GOODYEAR TIRE & RUBBER COMPANY,

                 Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR"), by its attorneys, Herrick, Feinstein LLP hereby answers Greyhound Lines, Inc.'s ("Greyhound") Third-Party Complaint as follows:

         1.         Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint.

12.     Admits.

13.     Admits.

14.     Neither admits or denies the allegations contained in paragraph 14 of the Third-Party Complaint, and refers all questions of law to the Court at the time of the trial.

15. Neither admits or denies the allegations contained in paragraph 15 of the Third-Party Complaint, and refers all questions of law to the Court at the time of the trial.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint except admits that the left front tire casing was leased by Goodyear to Greyhound for Greyhound's use on its buses.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint except admits that the left front steer tire of the bus was a Model G-409 tire.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint except admits that the left front tire casing was leased by Goodyear to Greyhound for Greyhound's use on its buses.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint except admits that the left front tire casing was leased by Goodyear to Greyhound for Greyhound's use on its buses.

29.     Admits.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint except admits that Goodyear manufactured the left front tire.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint except admits that an Agreement dated October 3, 2000 existed between Goodyear and Greyhound.

32.     Neither admits or denies the allegations contained in paragraph 32 but refers the Court to the Agreement for a complete and accurate recitation of its terms.

33.     Neither admits or denies the allegations contained in paragraph 33 but refers the Court to the Agreement for a complete and accurate recitation of its terms.

34.     Neither admits or denies the allegations contained in paragraph 34 but refers the Court to the Agreement for a complete and accurate recitation of its terms.

35.    Neither admits or denies the allegations contained in paragraph 35 but refers the Court to the Agreement for a complete and accurate recitation of its terms. It should be noted that paragraph 11(b) of the Agreement provides for tire services to be performed by Greyhound.

36.    Neither admits or denies the allegations contained in paragraph 36 but refers the Court to the Agreement for a complete and accurate recitation of its terms. It should be noted that the K-91 originates from and was authored by Greyhound's Maintenance and Engineering Department.

37.    Neither admits or denies the allegations contained in paragraph 37 but refers the Court to the Agreement for a complete and accurate recitation of its terms. It should be noted that Paragraph 11(a) of the Agreement provides in part that "Greyhound will install and maintain in all its garages suitable facilities for the inflation and maintenance of tires and wheel assembles, and will keep tires inflated to conform to the approved standards of the Tire and Rim Association of America, Inc."

38.    Neither admits or denies the allegations contained in paragraph 38 but refers the Court to the Agreement for a complete and accurate recitation of its terms. It should be noted that Paragraph 9 provides in part that Greyhound "agrees to defend, save and hold Goodyear harmless from all claims or actions for damages to property or injuries to persons arising out of the use or possession of tires hereunder . . .", and also indicates that any corresponding obligation on Goodyear's part only exists in situations involving the "sole negligence" of Goodyear. Numerous independent allegations of negligence against Greyhound have already been raised by the plaintiffs in this action.

39.    Admits the allegations contained in paragraph 39.

40.    Admits the allegations contained in paragraph 40.

41.     Admits the allegations contained in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Third-Party Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.  Additionally, the subject tires and bus were at locations where Greyhound employees were present.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Third-Party Complaint except admits that Unicco undertook various obligations as part of the August 30, 1995 Agreement and Assignment thereof dated September 11, 1996 and refers the Court to the documents themselves for a complete recitation of their various paragraphs and portions in proper context.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Third-Party Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Third-Party Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Third-Party Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Third-Party Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Third-Party Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Third-Party Complaint.

## AS TO THE FIRST CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI

56.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "55" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Third-Party Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Third-Party Complaint.

## AS TO THE SECOND CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI

59.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "58" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Third-Party Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Third-Party Complaint.

## AS TO THE THIRD CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI

62.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "61" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Third-Party Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Third-Party Complaint.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Third-Party Complaint.

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Third-Party Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Third-Party Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Third-Party Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Third-Party Complaint.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Third-Party Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Third-Party Complaint.

## AS TO THE FOURTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, UNICCO

72.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "71" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Third-Party Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Third-Party Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, UNICCO

75.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "74" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

76.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Third-Party Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Third-Party Complaint.

## AS TO THE SIXTH CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, UNICCO

78.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "77" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

79.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Third-Party Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Third-Party Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Third-Party Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Third-Party Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Third-Party Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Third-Party Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Third-Party Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Third-Party Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Third-Party Complaint.

### AS TO THE SEVENTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT, GOODYEAR

88.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "87" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

89.     Denies each and every allegation contained in paragraph 89 of the Third-Party Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Third-Party Complaint.

### AS TO THE EIGHTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT, GOODYEAR

91.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "90" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

92.     Denies each and every allegation contained in paragraph 92 of the Third-Party Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Third-Party Complaint.

### AS TO THE NINTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT, GOODYEAR

94.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "93" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

95.     Denies each and every allegation contained in paragraph 95 of the Third-Party Complaint.

96.     Denies each and every allegation contained in paragraph 96 of the Third-Party Complaint.

### AS TO THE TENTH CAUSE OF ACTION
### AGAINST THIRD-PARTY DEFENDANT, GOODYEAR

97.     Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "96" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Third-Party Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Third-Party Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Third-Party Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Third-Party Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 the Third-Party Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 the Third-Party Complaint.

104.    Denies each and every allegation contained in paragraph 104 the Third-Party Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Third-Party Complaint.

106.    Denies each and every allegation contained in paragraph 106 of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

107.    The injuries and damages allegedly sustained by Plaintiffs and third-party plaintiff were caused solely by their own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of GOODYEAR.

### SECOND AFFIRMATIVE DEFENSE

108.    All or part of the damages allegedly sustained by Plaintiffs and third-party plaintiff were caused by their culpable conduct through their own contributory negligence and careless acts or omissions and their damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to them.

### THIRD AFFIRMATIVE DEFENSE

109.    Plaintiffs assumed the risk of the injuries allegedly sustained.

### FOURTH AFFIRMATIVE DEFENSE

110.    The Complaint and third-party complaint fail to state claims upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

111.    The injuries or damages allegedly sustained by the Plaintiffs and third-party plaintiff were caused by misuse of the products or materials identified in the Consolidated Complaint or by use in a manner not intended or not in accord with instructions and labels.

### SIXTH AFFIRMATIVE DEFENSE

112.    The products or materials identified in the Consolidated Complaint were substantially modified, changed and/or altered by third persons over whom this Goodyear exercised no control.

### SEVENTH AFFIRMATIVE DEFENSE

113.    Any claims for punitive damages are violative of the United States Constitution and the Constitution of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

114.    GOODYEAR alleges that the incident and damages, if any, complained of were caused solely by the separate, independent and/or negligent actions and/or inactions of third persons over whom GOODYEAR exercised no control and/or with whom GOODYEAR had no relationship.

## NINTH AFFIRMATIVE DEFENSE

115.    GOODYEAR alleges that if any of the products involved were designed, manufactured, produced and/or sold by GOODYEAR, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

## TENTH AFFIRMATIVE DEFENSE

116.    GOODYEAR alleges that if any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by GOODYEAR, then each such warranty, guarantee or representation was fully satisfied.

## ELEVENTH AFFIRMATIVE DEFENSE

117.    GOODYEAR alleges that if any of the products in question were manufactured, designed, produced and/or sold by GOODYEAR, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications of the purchase orders.

## TWELTH AFFIRMATIVE DEFENSE

118.    GOODYEAR denies any acts or omissions on its part proximately caused the incident or injuries of which plaintiffs and third-party plaintiff complain.

## THIRTEENTH AFFIRMATIVE DEFENSE

119.    Defendant GOODYEAR claims credit for all collateral sources from which plaintiffs have, or shall receive benefits pursuant to CPLR Section 4545.

## FOURTEENTH AFFIRMATIVE DEFENSE

120.    Some or all of the claims against Defendant GOODYEAR are barred by reason of lack of privity.

## FIFTEENTH AFFIRMATIVE DEFENSE

121.    The incidents and damages, if any, of which Plaintiffs third-party plaintiff complain were proximately caused by the fault of third persons not parties to this lawsuit. Inasmuch as the liability of GOODYEAR and the right, if any, of Plaintiffs to recover in this litigation can only be determined after the percentages of fault of all parties to the incident are determined, whether or not they are parties to this litigation, Defendant seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

## SIXTEENTH AFFIRMATIVE DEFENSE

122.    Some or all of the claims set forth in the Complaint are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

123.    Plaintiffs and third-party plaintiff are barred from recovery against GOODYEAR because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to GOODYEAR.

## EIGHTEENTH AFFIRMATIVE DEFENSE

124.    Plaintiffs' injuries, if any, were caused by preexisting or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

### NINETEENTH AFFIRMATIVE DEFENSE

125.    Plaintiffs and third-party plaintiff have failed to minimize or mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

126.    All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to GOODYEAR.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

127.    Each of the plaintiffs has not suffered a serious injury within the meaning of Insurance Law §5102.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

128.    The injuries or damages which plaintiffs allegedly sustained were caused and/or aggravated by the failure to utilize an available seatbelt, body harness or other safety device or such devices were not available through the fault of third parties and damages should be reduced accordingly.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

129.    The injuries or damages which the plaintiffs and third-party plaintiff allegedly sustained were caused by the failure of persons not within GOODYEAR's control to obey applicable traffic regulations or otherwise operate the bus in a safe or reasonable manner.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

130.    GOODYEAR reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

### AS AND FOR A FIRST COUNTER-CLAIM
### AND FIRST CROSS-CLAIM
### AGAINST GREYHOUND LINES, INC.,
### MOTOR COACH INDUSTRIES, INC. and UGL UNICCO

131.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "130" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

132.    If plaintiffs and third-party plaintiff were caused to suffer damages as a result of the incidents alleged in the Complaint and third-party complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of GOODYEAR but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of GREYHOUND and MOTOR COACH INDUSTRIES, INC. ("MCI"), and UGL UNICCO ("UNICCO"),  and their directors, officers, agents and employees.

133.    If GOODYEAR is held liable for any of the damages claimed by the plaintiffs, then GOODYEAR is entitled to contribution and/or indemnification, in whole or in part, from GREYHOUND, MCI and UNICCO, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between them and GOODYEAR, as well as costs and attorneys fees.

### AS AND FOR A SECOND COUNTER-CLAIM
### AGAINST GREYHOUND LINES, INC.

134.    Goodyear Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "133" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

135.    By Agreement dated October 30, 2000 (the "Agreement" is annexed as an Exhibit to prior pleadings and is referred to in the Third-Party Complaint), GREYHOUND agreed in paragraph 9 thereof, to defend, save and hold Goodyear harmless from all claims or actions for

damages to property or injury to persons arising out of the use of Goodyear's tires, pursuant to the Agreement. Further, paragraph 11 of the Agreement outlines certain obligations undertaken by GREYHOUND regarding the tires and the maintenance and service thereof.

136.    The Agreement obligated GREYHOUND to defend, save and hold GOODYEAR harmless in this action, as the subject incident and resulting claims alleged in the Third-Party Complaint arise, in part, out of the alleged negligent acts or omissions of GREYHOUND pursuant to the performance of its obligations under the Agreement.

137.    Demand for GREYHOUND to save and hold harmless GOODYEAR has been made by GOODYEAR and not honored by GREYHOUND.

138.    GREYHOUND has breached the Agreement with GOODYEAR and continues to breach the Agreement with GOODYEAR.

139.    Accordingly, GOODYEAR has been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND
## CROSS-CLAIM AGAINST UNICCO

140.    Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "139" of the Third-Party Complaint with the same force and effect as if set forth herein at length.

141.    On or about August 30, 1995 Goodyear entered into an Agreement (the "Agreement") with Ogden Cisco, Inc. ("Ogden"), (a copy of which is annexed as an exhibit to prior pleadings and is referred to in the Third-Party Complaint).

142.    On or about September 11, 1996, Ogden assigned the Agreement and all obligations thereunder to Unicco as per an Assignment agreement of that date (the "Assignment" agreement was also annexed as an exhibit to prior pleadings and is referred to in the Third-Party Complaint).

143.    Unicco, formerly known as Unicco Service Company, changed its name from Unicco Service Company to UGL Unicco on or about November 19, 2007.

144.    The above-mentioned Agreement dated August 30, 1995 and the Assignment thereof to Unicco were in full force and effect and binding upon Unicco on August 28, 2006, and up to the present. During this period of time Unicco provided services to Goodyear and Greyhound based on the terms of the Agreement.

145.    Paragraph 5 of the Agreement defines and delineates the Indemnification obligations owed by Unicco to Goodyear. Paragraph 5 requires Unicco to "fully indemnify and hold harmless" Goodyear, its directors, officers, employees and agents, "from any and all claims, demands, losses and expenses of whatsoever nature, character or description that any person or entity has or may have arising out of or relating to the breach of or failure to perform the contract services....or resulting from any negligent act, omission, misconduct or fault of Contractor (Unicco), their employees and/or agents".

146.    Paragraph 4 of the Agreement refers to insurance coverage which Unicco is required to provide to Goodyear, "with respect to indemnity provisions of this Agreement" (i.e. Unicco's indemnity obligations to Goodyear pursuant to paragraph 5). Goodyear is to be named as an additional insured in an insurance policy which must be a "primary" policy (the indemnification obligation of Unicco is not restricted to the limits of the insurance coverage).

147.    Goodyear has previously made demand upon Unicco that it fully indemnify and hold harmless Goodyear for all liability claims, demands, losses, and expenses arising out of Unicco's services required under the Agreement as they relate to various claims made regarding the subject Greyhound bus accident and which form the basis of the actions pending in this Court. Unicco has failed and/or refused to indemnify Goodyear and has not

provided or procured appropriate coverage pursuant to paragraph 4 of the Agreement, even though a defense and indemnification under such coverage has been demanded by Goodyear.

148.    As a result, Unicco has breached and continues to breach the Agreement with Goodyear and Goodyear has been damaged as a result thereof.

WHEREFORE, Defendant GOODYEAR demands Judgment dismissing the Third-Party Complaint, together with costs, disbursements and attorneys' fees, herein, granting its counter-claims and cross-claims and granting such other and further relief which this Court deems appropriate.

Dated: New York, New York
       May 9, 2008

                              HERRICK, FEINSTEIN, LLP


                              By:   /s/Alan D. Kaplan
                                    Alan D. Kaplan
                                    akaplan@herrick.com
                              Attorneys for Defendant
                              *THE GOODYEAR TIRE & RUBBER*
                              *COMPANY, s/h/a THE GOODYEAR*
                              *RUBBER and TIRE COMPANY*
                              2 Park Avenue
                              New York, NY 10016
                              Tel:  212-592-1400
                              Fax:  212-592-1500


To:    Kevin B. Pollak, Esq.
       FABIANI COHEN & HALL, LLP
       Attorneys for Greyhound Lines, Inc. and
       Laidlaw International, Inc.
       570 Lexington Avenue, 4th Floor
       New York, New York 10022

       NOVACK BURNBAUM CRYSTAL LLP
       Attorneys for Third-Party Defendant,
       Motor Coach Industries, Inc.
       300 East 42nd Street
       New York, New York 10017

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Fl.
New York, NY 10017
Phone: (212) 687-8181

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37`" Fl.
New York, NY 10123
Phone: (212) 967-1122

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007
Phone: (212) 406-0440

GOLDBERG. SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717
Phone: (914) 798-5400

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214
Phone: (315) 413-5400

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241
Phone: (718) 522-1020

NORMAN LISS ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, NY 10019
Phone: (212) 586-6165

THE LIETZ LAW FIRM PLLC
David K. Lietz (*admitted pro hac vice*)
DC Bar No. 430557
888 166 Street, NW, Suite 800
Washington, DC 20006
Phone: (202) 349-9869

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030
Phone: (703) 352-4800

and

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
Attorneys for Second Third-Party Defendant
Unicco Service Company d/b/a UGL Unicco,
Formerly Known as Unicco Service Company
845 Third Avenue
New York, NY 10022
Phone: (212) 319-1000

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK ) 
                         ss.:

COUNTY OF NEW YORK )

        Jean Riley, being duly sworn, deposes and says:

        That deponent is not a party to the action, is over eighteen years of age and resides in Bayside, New York.

        That on May 9, 2008, deponent served GOODYEAR'S ANSWER TO THIRD-PARTY COMPLAINT upon:

> TAUB & MARDER, ESQS
> Kenneth Marder
> 450 7th Avenue, 37th Fl.
> New York, NY 10123
>
> RICH & RICH, PC
> Jeffrey M. Rich
> 30 Vesey Street
> New York, NY 10007
>
> GOLDBERG SEGALLA LLP
> William Gordon Kelly
> 170 Hamilton Avenue, Suite 203
> White Plains, NY 10601-1717
>
> Lisa Marie Robinson
> 5789 Widewaters Parkway
> Syracuse, NY 13214
>
> RUBENSTEIN & RYNECKI
> Robert Petitt
> 16 Court Street
> Brooklyn, NY 11241
>
> NORMAN LISS ATTORNEYS-AT-LAW, P.C.
> Norman Liss
> 200 West 57th Street
> New York, NY 10019

THE LIETZ LAW FIRM PLLC
David K. Lietz (*admitted pro hac vice*)
DC Bar No. 430557
888 166 Street, NW, Suite 800
Washington, DC 20006

and

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030

at the above addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Jean Riley

Sworn to before me, this
9th day of May, 2008

NOTARY PUBLIC
TANYA VITERI
NOTARY PUBLIC, State of New York
Reg. No. 01VI6032087
Qualified in Kings County & NY County
Commission Expires October 18, 20__
January 26, 2010