UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

       Plaintiffs,

   v.

GREYHOUND LINES, INC., and "JOHN DOE", that
name being fictitious, his true name being unknown to
Plaintiff,

       Defendants.
----------------------------------------------------------------X
GREYHOUND LINES, INC.,

       Third-Party Plaintiff,

   v.

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

       Third-Party Defendants.
----------------------------------------------------------------X

REPLY TO
COUNTER-CLAIMS

08 CIV 3566 (PKL)

[Related to
06 CIV 13371 (PKL)]

JURY TRIAL
DEMANDED

   Defendant/Third-Party Plaintiff, GREYHOUND LINES, INC., by its attorneys, FABIANI COHEN & HALL, LLP, as and for a Reply to Counter-Claims of Third-Party Defendant, THE GOODYEAR TIRE & RUBBER COMPANY ("Goodyear"), sets forth, upon information and belief, the following:

### AS AND FOR AN ANSWER TO THE
### FIRST COUNTER-CLAIM AGAINST
### <u>GREYHOUND LINES, INC.</u>

   ONE HUNDRED THIRTY-FIRST: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "131" of the Third-Party Defendant, Goodyear's Answer to Third

385978.1

Party Complaint, except denies all allegations set forth in Paragraph Nos. "1" through "130" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint to the extent the allegations are made against Greyhound Lines, Inc. and begs leave to refer to all relevant agreements for their complete terms and conditions.

ONE HUNDRED THIRTY-SECOND: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "132" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint to the extent the allegations are made against Greyhound Lines, Inc.

ONE HUNDRED THIRTY-THIRD: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "133" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint to the extent the allegations are made against Greyhound Lines, Inc.

### AS AND FOR AN ANSWER TO THE SECOND COUNTER-CLAIM AGAINST GREYHOUND LINES, INC.

ONE HUNDRED THIRTY-FOURTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., repeats, reiterates, realleges and incorporates herein each and every assertion and denial in response to Paragraph Nos. "131" through "133" of Goodyear's Answer to Third-Party Complaint above as though more fully set forth at length herein.

ONE HUNDRED THIRTY-FIFTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "135" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint, except admits that Greyhound Lines, Inc., and Goodyear entered into an agreement dated October 3, 2000 and begs leave to refer to the terms of said agreement at the time of trial.

ONE HUNDRED THIRTY-SIXTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "136" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint, except admits that Greyhound Lines, Inc., and Goodyear entered into an agreement dated October 3, 2000 and begs leave to refer to the terms of said agreement at the time of trial.

ONE HUNDRED THIRTY-SEVENTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "137" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint, except admits that counsel for Goodyear sent a letter dated January 30, 2008 to counsel for Greyhound Lines, Inc. and that counsel for Greyhound Lines, Inc., responded by letter dated February 5, 2008.

ONE HUNDRED THIRTY-EIGHTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "138" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

ONE HUNDRED THIRTY-NINTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies each and every allegation contained in Paragraph No. "139" of the Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CROSS-CLAIM AGAINST UNICCO

ONE HUNDRED FORTHIETH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., repeats, reiterates, realleges and incorporates herein each and every assertion and denial in response to Paragraph Nos. "131" through "139" of Goodyear's Answer to Third-Party Complaint above as though more fully set forth at length herein.

ONE HUNDRED FORTY-FIRST: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "141" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint except admits that on or about August 30, 1995 Goodyear entered into an Agreement (the Agreement") with Ogden Cisco, Inc. ("Ogden") and begs to leave to refer to the Agreement for its complete terms and conditions.

ONE HUNDRED FORTY-SECOND: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "142" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint except admits that on or about September 11, 1996, Ogden assigned the Agreement to UNICCO Service Company and begs to leave to refer to the Assignment for its complete terms and conditions.

ONE HUNDRED FORTY-THIRD: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., admits each and every allegation contained in Paragraph No. "143" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

ONE HUNDRED FORTY-FOURTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "144" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint except admits that the above-mentioned Agreement dated August 30, 1995 and the Assignment were in full force and effect and binding upon Unicco on August 28, 2006 and begs to leave to refer to the Agreement and Assignment for their complete terms and conditions.

ONE HUNDRED FORTY-FIFTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "145" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint and begs to leave to refer to the Agreement for its complete terms and conditions.

ONE HUNDRED FORTY-SIXTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "146" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint and begs to leave to refer to the Agreement for its complete terms and conditions.

ONE HUNDRED FORTY-SEVENTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "147" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

ONE HUNDRED FORTY-EIGHTH: Defendant/Third-Party Plaintiff, Greyhound Lines, Inc., denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "148" of Third-Party Defendant, Goodyear's Answer to Third-Party Complaint.

WHEREFORE, defendant/third-party plaintiff, GREYHOUND LINES, INC., demands:

1. Judgment dismissing the Plaintiffs' Complaint;

2. Judgment dismissing Goodyear's Counter-Claims against Defendant/Third-Party Plaintiff, GREYHOUND LINES, INC.

3.  Together with the costs and disbursements of this action.

Dated:      New York, New York
            May 13, 2008

                                    Yours, etc.,

                                    FABIANI COHEN & HALL, LLP

                                    _____
                                    Kevin B. Pollak (KBP 6098)
                                    Attorneys for Defendant/
                                     Third-Party Plaintiff
                                    GREYHOUND LINES, INC.
                                    570 Lexington Avenue, 4th Floor
                                    New York, New York 10022
                                    (212) 644-4420

TO:   HERRICK, FEINSTEIN, LLP
      Attorneys for Third-Party Defendant
      THE GOODYEAR TIRE & RUBBER
      COMPANY
      2 Park Avenue
      New York, New York 10016
      (212) 592-1400

      LAW OFFICES OF NEIL MOLDOVAN
      Attorney for Plaintiffs
      SYLVINA JEAN CLAVIEN and RAPHAEL DANIS
      One Old Country Road - Suite 270
      Carle Place, New York 11514
      (516) 294-3300

      NOVACK BURNBAUM CRYSTAL LLP
      Attorneys for Third-Party Defendant,
      MOTOR COACH INDUSTRIES, INC.
      300 East 42nd Street
      New York, New York 10017
      (212) 682-4002

      QUIRK and BAKALOR, P.C.
      Attorneys for Third-Party Defendant
      UGL UNICCO
      845 Third Avenue, 15th Floor
      New York, New York 10022
      (212) 319-1000

385978.1

6

Sylvina Jean Clavien, et al. v. Greyhound Lines, Inc., et al. v. Motor Coach Industries, Inc., et al.
Civil Action No.: 08 CIV 3566 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **REPLY TO COUNTER-CLAIMS** was served via CM/ECF and First-Class Mail, postage prepaid, this 13th day of May, 2008, to:

> HERRICK, FEINSTEIN, LLP
> **Attorneys for Third-Party Defendant**
> THE GOODYEAR TIRE & RUBBER COMPANY
> 2 Park Avenue
> New York, New York 10016
>
> LAW OFFICES OF NEIL MOLDOVAN
> **Attorney for Plaintiffs**
> SYLVINA JEAN CLAVIEN and RAPHAEL DANIS
> One Old Country Road - Suite 270
> Carle Place, New York 11514
>
> NOVACK BURNBAUM CRYSTAL LLP
> **Attorneys for Third-Party Defendant,**
> MOTOR COACH INDUSTRIES, INC.
> 300 East 42nd Street
> New York, New York 10017
>
> QUIRK and BAKALOR, P.C.
> **Attorneys for Third-Party Defendant**
> UGL UNICCO
> 845 Third Avenue, 15th Floor
> New York, New York 10022

Kevin B. Pollak (6098)

Sworn to before me this
13th day of May, 2008.

NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20_11_

385999.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SYLVINA JEAN CLAVIEN and RAPHAEL DANIS,

       Plaintiffs,      08 CIV 3566 (PKL)

- against -

GREYHOUND LINES, INC., and "JOHN DOE",
that name being fictitious, his true name being
unknown to Plaintiff,

       Defendants.
----------------------------------------------------------X
GREYHOUND LINES, INC.,

       Third-Party Plaintiff,

- against -

MOTOR COACH INDUSTRIES, INC., UGL
UNICCO, Formerly Known As UNICCO Service
Company and THE GOODYEAR TIRE &
RUBBER COMPANY,

       Third-Party Defendants.
----------------------------------------------------------X

## REPLY TO COUNTER-CLAIMS

**FABIANI COHEN & HALL, LLP**
Attorneys for Defendant/Third-Party Plaintiff
GREYHOUND LINES, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

To: Attorney(s) for:
Sir(s):

  PLEASE TAKE NOTICE that a        of which the within is a (true) (certified) copy

  [ ]NOTICE OF ENTRY *was duly entered in the within named court on*    2008

  [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
  *one of the judges of the within named court at the Courthouse at on* , 2008 at    o'clock

Dated:

       Yours, etc.,
      FABIANI COHEN & HALL, LLP
      570 Lexington Avenue, 4th Floor
      New York, New York 10022
       (212) 644-4420

To:

Attorney(s) for: