UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SYLVIA JEAN CLAVIEN and RAPHAEL DANIS,

                       Plaintiffs,

           v.

GREYHOUND LINES, INC., and "JOHN DOE,"

                       Defendants.
------------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                       Third Party Plaintiff,

           v.

MOTOR COACH INDUSTRIES, INC., UGL UNICCO, f/k/a
UNICCO Service Company, and THE GOODYEAR TIRE &
RUBBER COMPANY,

                       Third-Party Defendants.
------------------------------------------------------------------------X

ELECTRONICALLY FILED

08 CIV. 3566 (PKL)

[Related to]
06 CIV 13371 (PKL)

Jury Trial Demanded

**ANSWER OF MOTOR COACH INDUSTRIES, INC. TO GREYHOUND'S THIRD PARTY COMPLAINT AND CROSS-CLAIM AGAINST GREYHOUND**

       Defendant Motor Coach Industries, Inc. ("MCI"), by its attorneys Novack Burnbaum Crystal LLP, hereby answers the Third-Party Complaint of Defendant/Third Party Plaintiff Greyhound Lines, Inc. ("Third Party Plaintiff"), as follows:

       1.     Admits that Third Party Plaintiff is a Delaware corporation with its principal place of business in Dallas, Texas, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 of the Third Party Complaint.

       2.     Admits the allegations in Paragraph 2 of the Third Party Complaint.

       3.     Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 3 of the Third Party Complaint.

       4.     Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 4 of the Third Party Complaint.

5. Admits that MCI is a foreign corporation and otherwise denies each and every allegation of Paragraph 5 of the Third Party Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 of the Third Party Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Third Party Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Third Party Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Third Party Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Third Party Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Third Party Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Third Party Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Third Party Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of the Third Party Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Third Party Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Third Party Complaint and respectfully refers the Court to the Plaintiffs' Complaint for the contents thereof.

17. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Third Party Complaint and respectfully refers the Court to the Plaintiffs' Complaint for the contents thereof.

18. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Third Party Complaint and respectfully refers the Court to the Plaintiffs' Complaint for the contents thereof.

19. Admits that the bus at issue bore VIN 1M8PDMRA6YP052551, and denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19 of the Third Party Complaint.

20. Admits the allegations in Paragraph 20 of the Third Party Complaint.

21. Admits that MCI participated in the design of the subject bus, and denies the remaining allegations of paragraph 21 of the Third Party Complaint.

22. Admits that MCI assembled the subject bus, and denies the remaining allegations of paragraph 22 of the Third Party Complaint.

23. Admits the allegations of paragraph 23 of the Third Party Complaint.

24. Denies the allegations of paragraph 24 of the Third Party Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the Third Party Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of the Third Party Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the Third Party Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Third Party Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Third Party Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the Third Party Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Third Party Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Third Party Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Third Party Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Third Party Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 of the Third Party Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of the Third Party Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Third Party Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Third Party Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Third Party Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Third Party Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Third Party Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 of the Third Party Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 of the Third Party Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Third Party Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Third Party Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of the Third Party Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Third Party Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Third Party Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Third Party Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Third Party Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Third Party Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Third Party Complaint.

53. Denies the allegations of paragraph 53 of the Third Party Complaint.

54. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Third Party Complaint.

55. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Third Party Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

56. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 56 of the Third Party Complaint.

57. Denies the allegations of paragraph 57 of the Third Party Complaint.

58. Denies the allegations of paragraph 58 of the Third Party Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT MCI

59. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 59 of the Third Party Complaint.

60. Denies the allegations of paragraph 60 of the Third Party Complaint.

61. Denies the allegations of paragraph 61 of the Third Party Complaint.

## AS AND FOR A THIRD CAUSE OF
## ACTION AGAINST THIRD-PARTY DEFENDANT MCI

62. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 62 of the Third Party Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of the Third Party Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 of the Third Party Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the Third Party Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 of the Third Party Complaint.

67. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 of the Third Party Complaint.

68. Denies the allegations of paragraph 68 of the Third Party Complaint.

69. Denies the allegations of paragraph 69 of the Third Party Complaint.

70. Denies the allegations of paragraph 70 of the Third Party Complaint.

71. Denies the allegations of paragraph 71 of the Third Party Complaint.

## AS AND FOR A FOURTH CAUSE OF
## ACTION AGAINST THIRD-PARTY DEFENDANT UNICCO

72. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 72 of the Third Party Complaint.

73. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 of the Third Party Complaint.

74. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of the Third Party Complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT UNICCO

75. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 75 of the Third Party Complaint.

76. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 76 of the Third Party Complaint.

77. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 of the Third Party Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT UNICCO

78. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 78 of the Third Party Complaint.

79. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 of the Third Party Complaint.

80. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 80 of the Third Party Complaint.

81. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 81 of the Third Party Complaint.

82. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 of the Third Party Complaint.

83. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 83 of the Third Party Complaint.

84. Denies the allegations in Paragraph 84 of the Third Party Complaint.

85. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 of the Third Party Complaint.

86. Denies the allegations in Paragraph 86 of the Third Party Complaint.

87. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 of the Third Party Complaint.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GOODYEAR

88. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 88 of the Third Party Complaint.

89. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 of the Third Party Complaint.

90. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 of the Third Party Complaint.

### AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GOODYEAR

91. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 91 of the Third Party Complaint.

92. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 of the Third Party Complaint.

93. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 of the Third Party Complaint.

### AS AND FOR A NINTH CAUSE OF
### ACTION AGAINST THIRD-PARTY DEFENDANT GOODYEAR

94. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 94 of the Third Party Complaint.

95. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 of the Third Party Complaint.

96. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 of the Third Party Complaint.

### AS AND FOR A TENTH CAUSE OF
### ACTION AGAINST THIRD-PARTY DEFENDANT GOODYEAR

97. Repeats its responses to paragraphs 1 through 55 of the Third Party Complaint in response to the allegations in Paragraph 97 of the Third Party Complaint.

98. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 of the Third Party Complaint.

99. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 99 of the Third Party Complaint.

100. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 100 of the Third Party Complaint.

101. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 101 of the Third Party Complaint.

102. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 102 of the Third Party Complaint.

103. Denies the allegations in Paragraph 103 of the Third Party Complaint.

104. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 of the Third Party Complaint.

105. Denies the allegations in Paragraph 105 of the Third Party Complaint.

106. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 106 of the Third Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

107. The damages allegedly sustained by Third Party Plaintiff were caused solely by its own culpable and negligent conduct or the culpable and negligent conduct of parties other than MCI and were not caused or contributed to by reason of any negligence or other omission or act on the part of MCI.

## SECOND AFFIRMATIVE DEFENSE

108. Third Party Plaintiff is barred from recovery against MCI because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to MCI.

## THIRD AFFIRMATIVE DEFENSE

109. The Third Party Complaint fails to state claims upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

110. The damages allegedly sustained by the Third Party Plaintiff were caused by misuse of the products or materials identified in the Third Party Complaint or by use in a manner not intended or not in accord with instructions and labels and not by any culpable and negligent conduct by MCI.

**FIFTH AFFIRMATIVE DEFENSE**

111.    If any of the products involved were designed, manufactured, produced and/or sold by MCI, such products were substantially modified, changed and/or altered by third persons over whom MCI exercised no control.

**SIXTH AFFIRMATIVE DEFENSE**

112.    If any of the products involved were designed, manufactured, produced and/or sold by MCI, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

**SEVENTH AFFIRMATIVE DEFENSE**

113.    If any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by MCI, then each such warranty, guarantee or representation was fully satisfied.

**EIGHTH AFFIRMATIVE DEFENSE**

114.    If any of the products in question were manufactured, designed, produced and/or sold by MCI, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications for the purchase orders.

**NINTH AFFIRMATIVE DEFENSE**

115.    Some or all of the claims set forth in the Third Party Complaint are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

116.    If any of the products involved were designed, manufactured, produced and/or sold by MCI, Third Party Plaintiff is barred from recovery against MCI because any alleged

damages were caused by intervening and superseding causes unforeseeable and unrelated to MCI.

### ELEVENTH AFFIRMATVE DEFENSE

117.  All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to MCI.

### TWELFTH AFFIRMATIVE DEFENSE

118.  Third Party Plaintiff's claims herein are barred by reason of waiver and/or estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

119.  If any of the products involved were designed, manufactured, produced and/or sold by MCI, Third Party Plaintiff's claims herein are barred by reason of the terms and conditions of the agreement applicable to the sale of such goods, including the limitations of remedy and damages, and disclaimers of any implied warranties.

### FOURTEENTH AFFIRMATIVE DEFENSE

120.  To the extent that the Third Party Complaint purports to assert a claim or claims seeking damages for "economic losses" under tort theories, such claims and damages are unavailable as a matter of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

121.  Third Party Plaintiff participated in the design of the subject coach and therefore may not now seek recovery from MCI for any alleged design defects.

### SIXTEENTH AFFIRMATIVE DEFENSE

122.  The subject coach was properly designed and manufactured, and thus MCI cannot be held liable for any of the damages alleged in the Third Party Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

123. Other parties and third persons not parties to this action were negligent or legally responsible or otherwise at fault, in whole or in part, for the damages alleged in the Third Party Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

124. The subject coach conformed to the state-of-the-art for the design and manufacture of such similar products.

**NINETEENTH AFFIRMATIVE DEFENSE**

125. Third Party Plaintiff's claims are pre-empted by Federal statutory and/or regulatory law.

**TWENTIETH AFFIRMATIVE DEFENSE**

126. Third Party Plaintiff's claims are barred in whole or in part by the fact that Third Party Plaintiff or other third parties proximately caused, in whole or in part, Third Party Plaintiff's alleged damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

127. Third Party Plaintiff's claims for alleged defects occurred after the expiration of the sole warranty provided by MCI with respect to the subject bus.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

128. MCI reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST GREYHOUND LINES, INC.

129. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs 1 through 71 of the Third Party Complaint with the same force and effect as if set forth herein at length.

130. If plaintiffs were caused to suffer damages as a result of the incidents alleged in the Plaintiffs' Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of MCI but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of Third Party Plaintiff and its directors, officers, agents and employees.

131. If MCI is held liable for any of the damages claimed by the plaintiffs, then MCI is entitled to contribution and/or indemnification, in whole or in part, from Third Party Plaintiff, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between it and MCI, as well as costs and attorneys fees.

WHEREFORE, Motor Coach Industries, Inc. demands judgment:

(1) dismissing the Third Party Complaint with prejudice;

(2) granting to Motor Coach Industries, Inc. the relief requested in its cross-claim;

(3) awarding Motor Coach Industries, Inc. its costs, disbursements and reasonable attorneys' fees in connection with its defense in this matter; and

(4) granting to Motor Coach Industries, Inc. such other relief as this Court deems just and proper.

Dated: New York, New York
      June 9, 2008

                                    Novack Burnbaum Crystal LLP

                                    By: _____
                                        Howard C. Crystal (HC1666)
                                        300 East 42nd Street
                                        New York, New York 10017
                                        (212) 682-4002

                                        Attorneys for Third Party Defendant
                                        Motor Coach Industries, Inc.

To:
FABIANI COHEN & HALL, LLP
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York, New York 10016
(212) 592-1400

LAW OFFICES OF NEIL MOLDOVAN
One Old Country Road, Suite 270
Carle Place, New York 11514
(516) 294-3300

8122936_3